UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:14-cr-0091-SEB-DML-01 |
| | ) | |
| DENNIS BELL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On March 3, 2015, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on November 7, 2014 and the Supplemental Petition for Warrant or Summons for Offender Under Supervision filed on February 23, 2015. Defendant Bell appeared in person with his appointed counsel, Steve Allen. The government appeared by Joe Vaughn, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Bell of his rights and provided him with a copy of the petition. Defendant Bell waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Bell admitted to having committed violations 2, 3, and 4 of the supplemental petition. [Dkt. 16.]

3. The allegations to which Defendant admitted his guilt, as fully set forth in the petition, are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The defendant shall not commit another federal, state, or local crime."** |
| 3 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
| 4 | **"The defendant shall be monitored by GPS for a period of an undetermined number of months, to commence as soon as practical, and shall abide by all the technology requirements. The defendant shall be restricted to his residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities as pre-approved by the probation officer. The defendant shall pay all the costs of participation in the program in accordance with his/her ability to pay."** |

On October 14, the Madison County, Indiana, Court, issued a no contact order with the victim, Tara Everett, in Mr. Bell's pending domestic battery case, filed under docket number 48C01-1410-F6-001831.

On November 24, 2014, a violation hearing was held based on Mr. Bell's arrest in Madison County for Domestic Battery, and the Court ordered the offender to be placed on GPS location monitoring until his Madison County case was resolved. The Court also ordered the offender to have no contact with the victim, Tara Everett. The probation officer placed the offender on GPS location monitoring following the hearing.

On February 17, 2015, the offender requested additional time out of his residence, until 8 p.m. daily to work late. The probation officer approved the schedule modification. A review of the offender's GPS movements indicate on February 18, 2015, at 6:43 p.m., he was located at the residence of the victim.

On February 20, 2015, the probation officer located the offender in the residence of his victim, Tara Everett. The offender was arrested by Elwood, Indiana, police for invasion of privacy and violation of a protective order. He is currently in Madison County Jail, and charges are pending.

4. The Government orally moved to dismiss violation 1 of the original petition [Dkt. 7] and the Court granted the same.

5. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is IV.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

6. The parties jointly recommended a sentence of 18 months in the custody of the Federal Bureau of Prisons with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 18 months with no supervised release to follow. The Defendant was taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 03/18/2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal